**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| BLUEBONNET TELECOMMUNICATIONS L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> UNIDEN AMERICA CORPORATION, <br><br> Defendant. | CIVIL ACTION NO. <br><br> **JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Bluebonnet Telecommunications, L.L.C. ("Bluebonnet") files this original complaint against the above-named Uniden America Corporation ("Uniden"), alleging, based on its own knowledge as to itself and its own actions and based on information and belief as to all other matters, as follows:

**PARTIES**

1. Bluebonnet is a corporation formed under the laws of the State of Texas, with a principal place of business in Longview, Texas.

2. Defendant Uniden is a corporation organized under the laws of the State of Delaware, with a principal place of business at 6225 N. State Hwy. 161, Ste. 300, Irving, TX 75038.  Upon information and belief, Defendant Uniden is authorized to do business in Texas.  Uniden may be served by serving its registered agent Chad Arnette at 201 Main St., Ste. 2500, Fort Worth, TX 76102.

## JURISDICTION AND VENUE

3. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. §1331 and §1338(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, Uniden has transacted business in this district and has committed, by itself or in concert with others, acts of patent infringement in this district.

5. Uniden is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to Uniden's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,400,814

6. On June 4, 2002, United States Patent No. 6,400,814 ("the 814 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Telephone with Ringer Silencer Screening Feature."

7. Bluebonnet is the owner of the 814 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 814 patent against infringers, and to collect damages for all relevant times.

8. Uniden, directly or through its customers and/or intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including for example, the Uniden D1780, and D1780-2 through D1780-12) that infringed one or more claims of the 814 patent. Specifically, Uniden's accused products and/or systems have a ringer silencer screening feature.

9. Uniden has and is directly infringing the 814 patent.

## ADDITIONAL ALLEGATIONS REGARDING INDIRECT AND WILLFUL INFRINGEMENT

10. Uniden has and is indirectly infringing the 814 patent, both as an inducer of infringement and as a contributory infringer.

11. The direct infringement underlying Uniden's indirect infringement consists of the use of the accused component feature by end-user customers.

12. Uniden induces end-user customers to use the accused phones, and specifically to use them in a manner that infringes the 814 patent. Uniden does so by (1) providing instructions to their customers that explain how to use the ringer silencer screening feature; and (2) by directing, touting, and advertising the accused feature of its phones.

13. Uniden has contributed to the infringement of the 814 patent by end-user customers by making and selling the phones with the accused component feature. The accused component feature of its phones is especially made for use by end-user customers in infringement of the 814 patent and has no substantial use other than infringing the 814 patent. In particular, the component feature that allows a user to silence a call without interrupting the on-hook state has no practical use other than to infringe the 814 patent. The components in the accused products constitute a material part of the invention of one

or more asserted claims of the 814 patent and are not staple articles of commerce suitable for substantial non-infringing use.  The use of this feature by end-users of the phones for its intended and directed purpose necessarily results in infringement of the 814 patent.

14. Uniden has and will have knowledge of the 814 patent, as well as the fact that its customers' use of its phones infringe the 814 patent, since at least as early as the filing of this lawsuit.

15. Additionally, through its policies and practices of not investigating whether its phones' various component features infringe the patents of others, Uniden intentionally took steps to avoid learning the extent of its infringement of the intellectual property rights of others, such as Bluebonnet, despite its belief that there was a high probability that its actions constituted infringement.  Thus, Uniden was willfully blind to the existence of the 814 patent, prior to the filing of this lawsuit.  Uniden, also being extensively involved in the relevant telephone hardware and software systems of its customers and/or suppliers, had sufficiently detailed knowledge of the related activities of its customers and/or suppliers to know that these acts constituted infringement, yet took the above steps to cause infringement regardless.

16. Uniden therefore induces/induced and contributes/contributed to acts of direct infringement with the specific intent that others would infringe the 814 patent.

17. For the same reasons, Uniden's infringement has been and continues to be willful.  Indeed, Uniden has acted and continues to act in the face of an objectively high likelihood that its actions constitute infringement of a valid patent or with reckless disregard of that likelihood.

## JURY DEMAND

Bluebonnet hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Bluebonnet requests that the Court find in its favor and against Uniden and that the Court grant Bluebonnet the following relief:

a. Judgment that one or more claims of the 814 patent have been infringed, either literally and/or under the doctrine of equivalents, by Uniden and/or all others acting in concert therewith;

b. A permanent injunction enjoining Uniden and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the 814 patent;

c. Judgment that Uniden accounts for and pays to Bluebonnet all damages to and costs incurred by Bluebonnet because of Uniden's infringing activities and other conduct complained of herein;

d. That Bluebonnet be granted pre-judgment and post-judgment interest on the damages caused by Uniden's infringing activities and other conduct complained of herein;

e. That this Court declare this an exceptional case and award Bluebonnet its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

f. That Bluebonnet be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: February 19, 2014

Respectfully submitted,

/s/ Elizabeth L. DeRieux
Matthew J. Antonelli
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
Cory C. Johnson
Texas Bar No. 24046162
cory@ahtlawfirm.com
Califf T. Cooper
Texas Bar No. 24055345
califf@ahtlawfirm.com
ANTONELLI, HARRINGTON &
THOMPSON LLP
4200 Montrose Blvd., Ste. 430
Houston, TX 77006
(713) 581-3000


S. Calvin Capshaw, III
State Bar No. 03783900
Email: ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
State Bar No. 05770585
Email: ederieux@capshawlaw.com
D. Jeffrey Rambin
State Bar No. 00791478
Email: jrambin@capshawlaw.com
CAPSHAW DERIEUX, LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

*ATTORNEYS FOR PLAINTIFF*
*BLUEBONNET TELECOMMUNICATIONS L.L.C.*